Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard
Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900

*Attorneys for Defendant Sean Combs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EDMOND LAURENT,<br><br>              Plaintiff,<br><br>   v.<br><br>SEAN COMBS, JANE DOE 1, DOES 2–10,<br><br>              Defendants. | Case No. 2:25-cv-9495-GW-AGRx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing Date: December 18, 2025<br>Time: 8:30 a.m.<br>Judge: Hon. George H. Wu<br>Courtroom: 9D |

Defendant Sean Combs ("Defendant") respectfully submits this Memorandum of Points and Authorities in support of his motion to dismiss the Complaint, dated July 1, 2025, and removed from state court to federal court on October 6, 2025. Defendant moves to dismiss the Complaint for the following reasons: (1) all claims are barred by the applicable statutes of limitations under Fed. R. Civ. P. 12(b)(6); and (2) failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss").

I. INTRODUCTION

Plaintiff Edmond Laurent alleges that Defendant and some unnamed woman sexually assaulted him in Los Angeles, California. The Complaint never alleges when it occurred. It provides no description of the unnamed woman, including her physical appearance. The sole particulars alleged, without more, concern Plaintiff's conclusory accusation that Defendant is responsible for all of Plaintiff's present occupational, physical, mental, and emotional problems.

Plaintiff's claims cannot be maintained. Each claim is time-barred by the applicable statute of limitations. Further, Plaintiff's claim for intentional infliction of emotional distress cannot be pursued because it is improperly stated, including for failure to plead the necessary elements, and cannot be asserted based on the extent of the conduct alleged. The Court should dismiss the Complaint against Defendant and terminate this contrived lawsuit that is entirely without substance or truth.

II. PLAINTIFF'S ALLEGATIONS

The Complaint alleges that Plaintiff is a model, actor, bodybuilder, and fitness expert who, at unspecified times during the 1990s and 2000s, was sought-after for music videos and exotic dancing. Compl. ¶¶ 15, 18, 22.[1] At some unstated time, he allegedly first met Defendant and Jane Doe 1 ("Jane Doe") (collectively "Defendants"),

---

[1] The paragraph numbering of the Complaint is not in consecutive order, beginning after Paragraph 74. To avoid confusion, the Motion to Dismiss identically follows the numbering in the Complaint.

who booked him for an exotic dance in an unnamed Los Angeles hotel. *Id.* ¶¶ 23–26. That first dance allegedly proceeded without issue, that is, he performed, was paid, and then departed. *Id.* ¶ 26.

A few days later, Jane Doe allegedly called Plaintiff and asked him to return to perform another exotic dance. *Id.* ¶ 27. But this time, after performing the dance, Jane Doe allegedly propositioned Plaintiff for sex. *Id.* ¶ 28. With Defendant's alleged encouragement, Plaintiff had sex with Jane Doe. *Id.* ¶ 29.

This arrangement allegedly continued several times thereafter—Jane Doe and Defendant would invite Plaintiff to a hotel room where he would engage in sexual relations with Jane Doe while Defendant observed. *Id.* ¶ 30. The Complaint alleges that this consensual arrangement ultimately changed to being non-consensual. *Id.* ¶ 32–36.

On one occasion, the Complaint alleges Plaintiff was unknowingly drugged by Jane Doe and Defendant. *Id.* ¶ 32–36. On another occasion, Plaintiff claims he was allegedly drugged and unknowingly compelled to have unprotected sex. *Id.* ¶¶ 37–45. In yet another instance, and despite having been drugged and sexually assaulted in the past, Plaintiff voluntarily met them and was allegedly drugged and sexually assaulted by both Defendants. *Id.* ¶¶ 46–54. The Complaint alleges that, during the last encounter, Plaintiff allegedly contracted genital warts. *Id.* ¶ 55.

The Complaint alleges no more than that Plaintiff continues to experience severe physical, mental, emotional, and occupational damages—primarily from genital warts and the purported impact of two instances where he claims he was drugged. *Id.* ¶¶ 56–65, 88.

### III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation omitted).

Assessing a motion to dismiss is a two-step process. *See id.* at 679. First, the Court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* These allegations are disregarded. *See id.* Second, the Court "assume[s] the[] veracity" of the "*well pleaded* factual allegations" and "determine[s] whether they *plausibly* give rise to an entitlement to relief." *Id.* (emphasis added); *see Twombly*, 550 U.S. at 555; *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

### IV. ARGUMENT

#### A. Plaintiff's Claims Are Barred by the Statute of Limitations

A statute of limitations defense can be asserted in a motion to dismiss if the defense is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Here, Plaintiff asserts six claims against Defendant: Assault (First Cause of Action); Battery (Second Cause of Action); Intentional Infliction of Emotional Distress ("IIED") (Third Cause of Action); Negligence (Fourth Cause of Action); Sexual Battery (Fifth Cause of Action); and Civil Conspiracy (Sixth Cause of Action).[2] For the following reasons, each claim is barred by the statute of limitations.

The statutes of limitations for these claims are as follows:

| Claim | Statute of Limitations |
| --- | --- |
| Assault | **Two years.** *See* Cal. Civ. Proc. Code § 335.1. |
| Battery | **Two years.** *See* Cal. Civ. Proc. Code § 335.1. |

---

[2] Plaintiff's claims for Aiding and Abetting (Seventh Cause of Action) and Human Trafficking (Eighth Cause of Action) are not asserted against Defendant.

| | | |
|---|---|---|
| | IIED | **Two years.** *See Kaldis v. Wells Fargo Bank, N.A.*, 263 F. Supp. 3d 856, 867 (C.D. Cal. 2017) (citing Cal. Civ. Proc. Code § 335.1). |
| | Negligence | **Two years.** *See Kaldis*, 263 F. Supp. 3d at 867 (citing Cal. Civ. Proc. Code § 335.1). |
| | Sexual Battery | **Two years.** *See Bianco v. Warner*, 562 F. Supp. 3d 526, 531 (C.D. Cal. 2021) (citing Cal. Civ. Proc. Code § 335.1). |
| | Civil Conspiracy | **Two years.** Civil conspiracy adopts the statute of limitations of the underlying wrongful act. *See Roberts v. County of Riverside*, No. 19-cv-1877, 2020 WL 3965027, at *6 (C.D. Cal. June 5, 2020). In this action, the Complaint fails to explicitly state the underlying wrongful acts. Those acts may be: (1) sexual assault; (2) sexual assault via controlled substances under Cal. Penal Code § 261(a)(3); and (3) failure to warn of a sexually transmitted disease ("STD") under Cal. Health & Safety Code § 120290. Compl. ¶¶ 92, 103. But sexual assault via a controlled substance and failure to warn of an STD are irrelevant here because no claim can be alleged for civil conspiracy based on the violation of a criminal statute. *See Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1197 (C.D. Cal. 2001). Therefore, the sole underlying wrongful act here is sexual assault, which has a two-year statute of limitations. *See supra*. |

Based on the above statutes of limitations, the alleged wrongful conduct needed to have occurred on or after July 1, 2023 (*i.e.* two years before Plaintiff filed his Complaint). But looking at the Complaint, there are *no allegations* as to when the alleged wrongful conduct occurred. Compl. ¶¶ 23–53.

There are only two dates referenced in the entire Complaint: (1) Paragraph 18, where Plaintiff alleges that he was a highly sought-after performer "[i]n the 1990s and 2000s" and (2) Paragraph 21, where Plaintiff alleges that he "was signed to a modeling and talent agency" "[i]n the late 2000s[.]" Compl. ¶¶ 18, 21. But these dates are unconnected and unrelated to the date when the alleged wrongful conduct occurred. And even if they were (which would be speculation), the alleged wrongful conduct would have occurred well before the July 1, 2023 cutoff for filing any such claims.

Plaintiff apparently recognizes that his claims are time-barred and thus references Cal. Civ. Proc. Code § 340.16 as an exception to the normally applicable statutes of limitations. Compl. at 1 (Complaint "Filed Pursuant to [Section 340.16]"). Section 340.16(a) extends the limitations period for claims seeking "recovery of damages suffered as a result of sexual assault[.]" While this statutory provision contains multiple provisions with different individual extensions, the provision Plaintiff apparently relies upon is Section 340.16(b)(3): "This Section applies to any action . . . based upon conduct that occurred on or after January 1, 2009, and is commenced on or after January 1, 2019[.]" *Id.* Assuming both conditions are met, "[s]uch claims are hereby revived and may be commenced until December 31, 2026." *Id.*

Plaintiff cannot sustain the Complaint, assuming he is relying on Section 340.16(b)(3), because the Complaint fails to allege when the wrongful conduct occurred—let alone allege that the wrongful conduct on or after January 1, 2009. Section 340.16(b)(3) is unambiguous that a complaint must allege that the wrongful conduct occurred on or after January 1, 2009. Because the Complaint fails to do so, Section 340.16 does not apply and Plaintiff's claims are time-barred by the applicable

statutes of limitations appearing in the chart above. For these reasons, the Complaint should be dismissed in all respects.

### B. Plaintiff Should Be Ordered to Plead a More Definite Statement of His Claims

While the Court should dismiss the Complaint because the claims are time-barred, alternatively, the Court should require Plaintiff to issue a more definite statement regarding the date of the alleged wrongful conduct, and any other details to sufficiently identify that any plausible claim can be pleaded (including Jane Doe's appearance and at which specific hotel each alleged assault occurred, including all persons present).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). While such requests are generally disfavored, the Court has previously granted such requests where clarification directly bears on the availability of a statute of limitations defense. *See Rebolledo v. JPMorgan Chase Bank, NA*, No. 09-cv-2324, 2010 WL 11595812, at *1–2 (C.D. Cal. Mar. 2, 2010) (granting motion for more definite statement, in part, where clarification was "critical" to the availability of a "potential statute of limitations bar"); *Wood v. Apodaca*, 375 F. Supp. 2d 942, 949–50 (N.D. Cal. 2005) (granting motion for more definite statement on similar grounds).

The Complaint here is even more obtuse as to when the alleged wrongful conduct occurred than the pleading in *Rebolledo*. There, the court granted the defendant's motion for a more definite statement even where the complaint alleged, at the very least, the year of the wrongful conduct. *Rebolledo*, 2010 WL 11595812, at *1. Here, the Complaint omits any date, including the year, leaving Defendant no clue as to when the alleged wrongful conduct occurred.

While the pleading standards under Fed. R. Civ. P. 8 are liberal, it cannot be the case that Rule 8 imposes no requirement whatsoever on the necessity of stating when

the alleged wrongs occurred. If that were the case, every plaintiff concerned about a potential statute of limitations issue would simply omit every date from his or her complaint. Rule 8 does not permit that strategy and the Court should not allow Plaintiff to do so here.

While the Court should grant the Motion to Dismiss based on the applicable statutes of limitations, at a minimum, it should require Plaintiff to plead a more definite statement as to when the alleged wrongful conduct underlying each claim occurred.

### C. The Complaint Fails to State a Claim Against Defendant for IIED

To establish a claim for IIED, a plaintiff must prove "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct[.]" *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982) (quotation omitted).

It is not enough "that the defendant has acted with an intention which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 841 (9th Cir. 2002) (quoting Restatement (Second) of Torts § 46 cmt. D (1965)). Instead, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (emphasis removed).

The Complaint alleges conduct against Defendant and Jane Doe that purports to be extreme and outrageous, including that Plaintiff was: (1) drugged during the encounters, (2) sexually assaulted and put at risk by tearing his condom, (3) lied to about exposure to an STD, (4) entrapped in the hotel rooms, and (5) verbally degraded during sex. Compl. ¶ 76. Such allegations are made despite Plaintiff's admission that

he continued to participate in the sexual conduct and accept payment for his services, even after he claimed to have been drugged and held against his wishes. The above allegations are mostly conclusory, as is the allegation that Defendants "allow[ed] unauthorized sex workers access" to the room. *Id.* Such threadbare allegations should be disregarded for purposes of assessing the sufficiency of the IIED claim. *See Ashcroft*, 556 U.S. at 679.

Additionally, many allegations concern acts allegedly committed by Jane Doe and not Defendant. For example, the Complaint nowhere alleges that Defendant suggested, assisted with, or even approved of Jane Doe breaking a condom. Compl. ¶¶ 42, 76, 79. Because the focus is on the extreme and outrageous conduct that *Defendant* intended—as opposed to the conduct that Jane Doe or anyone else intended—these allegations should be disregarded. *See Clavon v. TSAY JBR, Inc.*, No. 10-cv-5673, 2010 WL 11601827, at *5 (C.D. Cal. Oct. 21, 2010).

While much is made in the Complaint about how Defendant transmitted genital warts to Plaintiff, these allegations are too speculative to be plausibly considered for purposes of maintaining an IIED claim against Defendant. First, it is unclear which Defendant allegedly transmitted the STD to Plaintiff. In one part of the Complaint, Plaintiff alleges Jane Doe transmitted it to him. *Id.* ¶¶ 79–80, 74. In another section of the Complaint, Plaintiff alleges that Defendant is responsible. *Id.* 54–55, 73. In yet another section of the Complaint, both Jane Doe and Defendant allegedly transmitted the STD to Plaintiff. *Id.* But putting all of that aside, no plausible connection exists between Defendant's alleged assault and Plaintiff's alleged contraction of any STD. The Complaint alleges that, at most, Plaintiff passed out and, when he awakened, he felt pain in his rectum. *Id.* ¶ 49–50, 54.

These minimal allegations cannot sustain that: (1) Defendant had anal sex with Plaintiff and (2) Defendant gave Plaintiff an STD. The allegations are too speculative because Plaintiff could just as likely have contracted an STD from another client, as

Plaintiff is admittedly a sex worker. *Id.* ¶¶ 22–29. The only unambiguous allegation is that Jane Doe engaged in unprotected sex with Plaintiff. *Id.* ¶¶ 79–80, 74.

Disregarding the Complaint's conclusory and speculative allegations, Plaintiff's IIED claim is left with the following allegations against Defendant concerning his alleged extreme and outrageous conduct: (1) drugging Plaintiff during their encounters, (2) sexually assaulting Plaintiff, and (3) verbally degrading Plaintiff during sex. *Id.* ¶ 76. Upon review, these allegations do not rise to the level of extreme and outrageous conduct within the context of IIED. Indeed, Defendant relies on no controlling law that holds a sexual assault to be *per se* extreme and outrageous conduct for purposes of intentional infliction of emotional distress. Given the threadbare nature of the allegations against Defendant (as opposed to the more thorough allegations against Jane Doe), Defendant's alleged actions are not sufficiently extreme and outrageous to plausibly state a claim for IIED against him. Plaintiff's claim for IIED against Defendant should be dismissed.

**V. CONCLUSION**

Based on all of the foregoing, the Court should grant the Motion to Dismiss and dismiss the Complaint, together with such other and further relief as just and proper. Alternatively, the Court should order Plaintiff to provide a more definite statement of his claims.

Dated: November 12, 2025            SCHONBUCH HALLISSY LLP

*/s/ Michael Schonbuch*

_____
Michael Schonbuch
Lilah N. Cook

*Attorneys for Defendant Sean Combs*

## CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Defendant Sean Combs, certifies that this brief contains 2,742 words, which complies with the word limit of L.R. 11-6.1.

Dated:  November 12, 2025                    /s/ Michael Schonbuch
                                                                     _____
                                                                     Michael Schonbuch
                                                                     Lilah N. Cook