UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 25-9495-GW-AGRx | Date | January 12, 2026 |
|---|---|---|---|
| Title | *Edmond Laurent v. Sean Combs, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER TO SHOW CAUSE RE: JURISDICTION**

On July 1, 2025, plaintiff Edmond Laurent ("Plaintiff") initiated this action against defendant Sean Combs ("Combs"), Jane Doe 1, and Does 2-10 (collectively, "Defendants") in the Superior Court of California, County of Los Angeles. *See* Complaint, Ex. B, Docket No. 1-2, at 1. On October 6, 2025, Combs removed this action to federal court. *See* Notice of Removal ("NOR"), Docket No. 1.

Combs asserted that this action was properly removed to federal court because this Court has original jurisdiction over the action under 28 U.S.C. § 1332 (diversity jurisdiction). *See id.* at ¶ 5. Specifically, Combs claims that (1) he "was and is a citizen of Florida;" (2) "Plaintiff was and is a citizen of California;" and (3) "[t]he matter in controversy in this action, exclusive of interest and costs, exceeds $75,000." *See id.* at ¶¶ 6-8.

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction to adjudicate only those cases authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court is obligated to consider its subject matter jurisdiction in every case that comes before it, even if no party challenges it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Jurisdictional challenges can be raised at any time – indeed, federal courts have "a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Original diversity jurisdiction exists where there is (1) complete diversity among the parties; and (2) an amount in controversy over $75,000. 28 U.S.C. § 1332; *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). A defendant may remove an action to federal court based on diversity jurisdiction "provided that no defendant 'is a citizen of the State in which such action is brought.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-9495-GW-AGRx** | Date | January 12, 2026 |
|---|---|---|---|
| Title | ***Edmond Laurent v. Sean Combs, et al.*** | | |

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." (citation omitted)). An individual is a citizen of the state where he or she is domiciled, meaning the state where the individual resides and intends to remain or to which the individual intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

First, the Court would seek further evidence from Combs to confirm that he is in fact *not* a citizen of California. The NOR alleges that Combs is a citizen of Florida. *See* NOR ¶ 6. While the Complaint does not expressly allege Combs' citizenship, it alleges that he (1) "is an individual who has conducted substantial business within the State of California and is currently a resident of Los Angeles, California;" (2) "lived in Los Angeles when the assaults against Plaintiff occurred;" and (3) "is currently being detained at the Metropolitan Detention Center (MDC) in Brooklyn, New York." *See* Complaint ¶¶ 5, 7. Although Combs' alleged residency in Los Angeles and current incarceration in New York are not inconsistent with his alleged Florida citizenship, the Court would require further evidence from Combs to support his alleged Florida citizenship.

Second, the Court would seek an explanation from Combs as to why it should not consider the citizenship of Jane Doe 1. Under 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of [diversity] jurisdiction . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Despite the plain language of § 1441(b)(1), courts in the Ninth Circuit are split and have not "conclusively addressed the appropriate treatment of fictitiously named defendants described with sufficient particularity to provide a clue as to their actual identity." *Sandoval v. Republic Servs., Inc.*, No. 2:18-cv-01224-ODW-(KSx), 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018); *see also Vasquez v. Walmart Inc.*, No. 1:23-cv-01142-JLT-(BAM), 2024 WL 966076, at *4 (E.D. Cal. Mar. 6, 2024). The Court has reviewed the Complaint and would observe that there are substantial allegations relating to the specific conduct of Jane Doe 1. Given the possibility that the Doe defendants, particularly Jane Doe 1, may be later identified and that such defendants may be California citizens, *see, e.g.*, Complaint ¶ 9, the Court may at a later date lack subject matter jurisdiction over this case. As such, the Court would seek an explanation from Combs regarding why it should disregard the potential citizenship of Jane Doe 1 and whether her identity and citizenship should be revealed through limited jurisdictional discovery.

Third, the Court would seek further evidence from Combs establishing the amount in controversy. The NOR merely recounts the causes of action and alleges that "[w]hile the[ ] allegations [in the Complaint] are false, baseless, and reckless, their seriousness leaves no basis to question that Plaintiff will seek damages in excess of $75,000." NOR ¶¶ 9-10 (citing *Doe v. Rose*, No. 2:15-cv-07503-MWF-(JCx), 2016 WL 81471, at *3 (C.D. Cal. Jan. 7, 2016)). The Court does not find this to be "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). While the allegations are certainly serious, there is nothing inherent in such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-9495-GW-AGRx** | Date | January 12, 2026 |
|---|---|---|---|
| Title | ***Edmond Laurent v. Sean Combs, et al.*** | | |

allegations that would establish the extent of the alleged harm.[1] The Court would require Combs to submit further proof so that it may decide, by a preponderance of the evidence, whether the amount in controversy exceeds the jurisdictional minimum. *See id.* at 88.

    Based on the foregoing discussion, Combs is **ORDERED TO SHOW CAUSE** in writing no later than by noon on January 15, 2026 why this Court has subject matter jurisdiction over this action by addressing the Court's three concerns. Plaintiff will have until January 20, 2026 to respond to that filing. Combs shall have an opportunity for oral argument on the issue of jurisdiction at a hearing on January 22, 2026 at 8:30 A.M. Combs' Motion to Dismiss, *see* Docket No. 11, is hereby taken off-calendar pending the resolution of these jurisdictional issues.

    **IT IS SO ORDERED.**

---

[1] The *Rose* case Combs cites is distinguishable because, unlike here, the court had other evidence that the damages sought were "well above $75,000." *Rose*, 2016 WL 81471, at * 3. Specifically, the plaintiff in *Rose* had "made settlement demands above $75,000 and indicated in the Rule 26(f) Status Report that she seeks a total of $21,500,000 in compensatory and punitive damages." *Id.* (citations omitted). The Court has no such evidence here.