

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

EDMOND LAURENT,

        Plaintiff,

        v.

SEAN COMBS, an individual; JANE DOE 1, an individual; and DOES 2-10.

        Defendants.

**Case No. 2:25-cv-9495-GW-AGR**

## DEFENDANT CASANDRA VENTURA'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**WIGDOR LLP**

Melodie Han
Douglas H. Wigdor (*pro hac vice forthcoming*)
Meredith A. Firetog (*pro hac vice forthcoming*)
mhan@wigdorlaw.com
dwigdor@wigdorlaw.com
mfiretog@wigdorlaw.com
85 Fifth Avenue, Floor 5
New York, NY 10003
Tel. (212) 257-6800
Fax. (212) 257-6845

*Counsel for Defendant Casandra Ventura*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................ii

INTRODUCTION ...........................................................................................2

FACTS RELEVANT TO MS. VENTURA ...........................................................3

LEGAL STANDARD........................................................................................5

ARGUMENT .................................................................................................6

    A.    Plaintiff's Complaint Is Missing Crucial Details .......................................6

    B.    Plaintiff Does Not State a Claim Against Ms. Ventura ............................7

        1.    Plaintiff Does Not State a Claim for Assault, Battery, or Sexual Battery.........................................................................7

        2.    Plaintiff Does Not State a Claim for IIED................................13

        3.    Plaintiff Does Not State a Claim for Negligence ....................15

        4.    Plaintiff Does Not State a Claim for Trafficking ....................17

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                **Page(s)**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................5, 12

*Avina v. United States*,
  681 F.3d 1127 (9th Cir. 2012)...................................................................................8, 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................5, 15

*Bias v. Moynihan*,
  508 F.3d 1212 (9th Cir. 2007)........................................................................................2

*Culinary Studios, Inc. v. Newsom*,
  517 F. Supp. 3d 1042 (E.D. Cal. 2021)...........................................................................9

*Duronslet v. Cnty. of Los Angeles*,
  266 F. Supp. 3d 1213 (C.D. Cal. 2017)..........................................................................13

*In re Century Aluminum Co. Secs. Litig.*,
  729 F.3d 1104 (9th Cir. 2013)........................................................................................13

*Johnson v. Riverside Healthcare Sys., LP*,
  534 F.3d 1116 (9th Cir. 2008).........................................................................................5

*Lucius v. Erewhon Market*,
  No. 2:25 Civ. 02891 (AH)(RAOx), 2025 WL 3190901 (C.D. Cal. Oct. 16, 2025) ...6

*M.J. v. United States*,
  759 F. Supp. 3d 1034 (S.D. Cal. 2024) ........................................................................15

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008).........................................................................................5

*Matthews v. Apple, Inc.*,
  769 F. Supp. 3d 999 (N.D. Cal. 2024) ..........................................................................14

*Norman-Bloodsaw v. Lawrence Berkeley Lab.*,
  135 F.3d 1260 (9th Cir. 1998).......................................................................................16

*Rebolledo v. JPMorgan Chase Bank, NA*,
  No. 09 Civ. 2324, 2010 WL 11595812 (C.D. Cal. Mar. 2, 2010) ...........................7

*Russo v. Fed. Med. Servs., Inc.*,
  744 F. Supp. 3d 914 (N.D. Cal. 2024) ............................................................................9

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011)........................................................................................18

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007) ........................................................................................................5

Statutes

Cal. Civ. Code § 360.14 .............................................................................................9

Cal. Civ. Code § 1708.5(a) ........................................................................................8

Cal. Civ. Code § 52.5 ...............................................................................................17

Cal. Health & Safety Code § 120290 .......................................................................16

Cal. Health & Safety Code § 121015 .......................................................................16

Cal. Penal Code § 236.1...........................................................................................17

Cal. Penal Code § 243.4.........................................................................................8, 9

Fed. R. Civ. P. 8........................................................................................................6

Fed. R. Civ. P. 12...................................................................................................5, 7

## I.     <u>INTRODUCTION</u>

In November 2023, Casandra Ventura ("Ms. Ventura," a defendant in the instant case) filed a lawsuit alleging that music mogul Sean Combs ("Combs," also a defendant in the instant case) trafficked and abused her for many years.  *Ventura v. Combs*, No. 1:23 Civ. 10098 (S.D.N.Y.).[1]  After telling her story, she received an outpouring of support.  The day after she filed her lawsuit, Plaintiff Edmond Laurent reached out to Ms. Ventura:



In the time between professing his support for Ms. Ventura and July 2025, when he filed a complaint alleging that Ms. Ventura caused him decades of harm, only one thing changed: Ms. Ventura settled her civil claims for sex trafficking and abuse against

---

[1]     The day after the lawsuit was filed, Ms. Ventura and Combs resolved her civil claims and she withdrew her case.  The lawsuit prompted an investigation by the U.S. Attorneys' Office for the Southern District of New York into Combs, resulting in an indictment and two-month-long federal criminal jury trial at the conclusion of which a jury found Combs guilty of two counts of the Mann Act.  Combs is currently serving time in prison for these offenses. *See U.S. v. Combs*, No. 23 Cr. 542 (AS) (S.D.N.Y.); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted).

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Combs and the amount of that settlement became public in her testimony during Combs' criminal prosecution.

Whereas he previously stated he was sorry for Ms. Ventura and that he would be a witness for her against her abuser, Plaintiff now contends that Ms. Ventura conspired with her abuser to harm Plaintiff. While he only wanted to help Ms. Ventura in November 2023, he now asserts that he has long-suffered "severe" and "extensive" physical and psychological harm because of things that Ms. Ventura allegedly did. This repulsive use of the judicial system and the attempt to make a victim into an abuser should not be countenanced by this Court; it is baseless and harassing lawsuits like this one that play a significant role in disincentivizing actual victims from coming forward or testifying truthfully as a government witnesses. But regardless, because Plaintiff's First Amended Complaint ("FAC") fails to state any claim against Ms. Ventura as a matter of law, this case must be dismissed.

## II. FACTS RELEVANT TO MS. VENTURA

Plaintiff's claims against Ms. Ventura, as Plaintiff repeatedly acknowledges, are grounded in Ms. Ventura's testimony as the primary victim and witness in the federal government's sex trafficking prosecution of Sean Combs. In that testimony, per the FAC, Ms. Ventura testified that during "freak offs," she was instructed to contact and recruit male escorts, used drugs and baby oil, that "Defendant Combs directe[d] the sex acts, positioning, lighting, and g[ave] real-time directions what he want[ed] performed," and that the events were violent. FAC ¶ 29. She also testified, per the FAC, that "she

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

primarily reached out to the escorts *as part of her job.*" *Id.* ¶ 32 (emphasis added).

Plaintiff alleges that Ms. Ventura offered him drugs, but that he declined that offer. FAC ¶ 37. After this refusal, Defendant Combs "insisted" he take a shot of alcohol. *Id.* ¶ 39. Plaintiff then states, upon information and belief, that he "believes" that both Defendant Combs and Ms. Ventura "placed drugs in his drink." *Id.* ¶ 40. Plaintiff also states that at another encounter, Defendant Combs instructed him to use baby oil, and he believes that both Defendants infused baby oil with drugs. *Id.* ¶ 43. During the latter encounter, Plaintiff alleges that he had sex with Ms. Ventura and then, after Defendant Combs asked Plaintiff to remove his condom, Ms. Ventura allegedly broke the condom. *Id.* ¶ 44. Plaintiff also alleges that Defendant Combs would "instruct" Ms. Ventura to perform oral sex, and that Combs would react aggressively if Ms. Ventura "did not perform it how [he] wanted." *Id.* ¶ 47.

As Plaintiff contends, his experience "parallels Defendant Ventura's own testimony" that she once blacked out as a result of drug use during a freak off, and was "unaware what happened to her." *Id.* ¶ 53.

In the list of Causes of Action, Plaintiff for the first time states that both Defendants used "coercion[] and sexual aggression" towards him, *id.* ¶ 70, and that both Defendants "groped [his] genitals repeatedly," *id.* ¶ 96. He also alleges that Ms. Ventura "specifically acted extremely and outrageously by luring Plaintiff into dangerous encounters under false pretenses, establishing a pattern of deception." *Id.* ¶ 78. Finally, Plaintiff contends that Ms. Ventura "admitted to treating male escorts

- 4 -

exploitatively" because she testified that she carried shame and guilt over "the way [she] was guided to treat people like they were disposable." *Id.* ¶ 101.

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A dismissal under a Rule 12(b)(6) motion can be based on either a "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation modified).

On a Rule 12(b)(6) motion, courts accept as true all well-pleaded allegations of material fact and construe them in a light most favorable to the non-moving party. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not" suffice. *Id.* (citation modified). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.  A court may consider the allegations contained in the pleadings, as well as exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice in ruling on a motion to dismiss. *See Tellabs, Inc. v.*

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

*Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

"[A] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Lucius v. Erewhon Market*, No. 2:25 Civ. 02891 (AH)(RAOx), 2025 WL 3190901, at *2 (C.D. Cal. Oct. 16, 2025) (citing Fed. R. Civ. P. 8(a)(2)). "Complaints requiring outlines to determine who is being sued for what or that leave judges managing the litigation without knowing what claims are made against whom may run afoul of Rule 8." *Id.* (internal citations omitted, cleaned up).

## IV.    <u>ARGUMENT</u>

### A.    **Plaintiff's Complaint Is Missing Crucial Details**

Plaintiff's FAC does not provide any relevant information concerning when the alleged incident of drugging and sexual assault took place. All he pleads is that Ms. Ventura "gained prominence" as a singer, actress and model "in the early 2000s," FAC ¶ 7, and that "in the late 2000s" he was signed to a modeling and talent agency. *Id.* ¶ 20. Plaintiff nevertheless contends that his entire complaint is "filed pursuant to Code of Civil Procedure Section 340.16, as amended by Assembly Bill 2777." Section 340.16 applies to "recovery of damages suffered as a result of sexual assault" and applies to conduct that occurred on or after January 1, 2009 . . . and is commenced on or after January 1, 2019." Section 340.16(a), (b)(3).

Because Plaintiff's claims all rely upon the California lookback statute, the dates when the relevant alleged incidents took place are extremely important for this Court to

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

assess the timeliness of this action, and for the Defendants to have an adequate opportunity to address the alleged incidents. With only vague references to "the early 2000s" and "the late 2000s," Plaintiff has not pleaded the crucial information necessary to assess whether his claims may proceed. FAC ¶ 7, 20. To the extent any of Plaintiff's claims survive as a matter of law, Ms. Ventura respectfully requests an order directing Plaintiff to amend his complaint with these necessary details. *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."); *see also Rebolledo v. JPMorgan Chase Bank, NA*, No. 09 Civ. 2324, 2010 WL 11595812, at *1–2 (C.D. Cal. Mar. 2, 2010) (granting a 12(e) motion where more information was "critical" to determining whether the complaint was timely).

**B.     Plaintiff Does Not State a Claim Against Ms. Ventura**

Plaintiff's FAC fails as to Ms. Ventura on every claim asserted. The only allegations concerning Ms. Ventura are either conclusory or illogical and internally inconsistent.

         1.     <u>Plaintiff Does Not State a Claim for Assault, Battery, or Sexual Battery</u>

Plaintiff contends that Ms. Ventura is liable for assault, battery, and sexual assault based upon allegations that "both Defendants" drugged him, and an allegation that Ms. Ventura broke Plaintiff's condom during sex after Defendant Combs asked Plaintiff to

- 7 -
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

remove his condom.

To state a claim for assault, the complaint must establish that: "(1) the defendant threatened to touch the plaintiff in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the defendant's conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the plaintiff's harm". *See Avina v. United States*, 681 F.3d 1127, 1130 (9th Cir. 2012); *see also* Judicial Council of Cal., Civil Jury Instructions ("CACI") No. 1301.

To state a claim of battery, the complaint must establish that: "(1) the defendant touched the plaintiff or caused the plaintiff to be touched with the intent to harm or offend the plaintiff; (2) the plaintiff did not consent to the touching; (3) the plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's situation would have been offended by the touching". *See Avina*, 681 F.3d at 1130-31; *see also* CACI No. 1300.

Finally, sexual battery occurs when "[a]ny person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse." Cal. Penal Code § 243.4.[2]

---

[2]    Because Plaintiff has categorized his claims vaguely, it is not clear whether this Cause of Action purports to bring civil claim for sexual battery under Cal. Civ. Code §

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Plaintiff's conclusory and unsupported allegation that he "believes" that both Defendants drugged him, cannot sustain his claims for assault or battery.[3]    First, Plaintiff only alleges in a vague and conclusory manner that the "Defendants" drugged him.  *See* FAC ¶¶ 40 ("Upon information and belief, Plaintiff believes that Defendant Combs and Defendant Ventura placed drugs in his drink"), 43 ("upon information and belief, Defendant Combs and Defendant Ventura infused the heated baby oil with GHB"), 50 ("Upon information and belief, Defendant spiked the drink with rohypnol and ketamine").  "[C]omplaints that lump defendants together without adequately distinguishing claims and alleged wrongs among the defendants are improper." *Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1074-75 (E.D. Cal. 2021); *see also Russo v. Fed. Med. Servs., Inc.*, 744 F. Supp. 3d 914, 922 (N.D. Cal. 2024) ("Undifferentiated group pleading that does not 'indicate which individual defendant or defendants were responsible for which wrongful act' is impermissible under Rule 8" because it fails to provide a defendant with "fair notice of the allegations made against them so that they can defend themselves effectively").

Second, the allegations that Ms. Ventura drugged Plaintiff are internally inconsistent with other allegations in the FAC.  Plaintiff alleges that Ms. Ventura

---

1708.5(a).  However, because he asserts all his claims pursuant to the lookback window in Cal. Civ. Code § 360.14, and because that provision defines sexual assault as "any of the crimes described in Section 243.4, 261, 264.1, 286, 287, or 289, or former Sections 262 and 288a, of the Penal Code," Ms. Ventura relies upon the Penal Code section in responding to the FAC.

[3]    As a separate issue, it is not clear why Plaintiff would need to plead his own understanding or belief "under information and belief."

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

offered him drugs and he declined, FAC ¶ 33, and then Defendant Combs "insisted" that Plaintiff take a shot of alcohol, which Plaintiff claims he thinks had drugs in it. *Id.* ¶ 39. At most, this allegation is that Defendant Combs drugged Plaintiff. Similarly, as to the "second drugging," Plaintiff alleges that it was Combs—not Ms. Ventura—who offered him alcohol and instructed him to apply the allegedly drug-laced baby oil. *Id.* ¶¶ 42-43. And the FAC alleges again that Combs—not Ms. Ventura—offered Plaintiff alcohol and drugs on the third alleged incident. *Id.* ¶ 48.

Even if there was a more definite statement that Ms. Ventura had any involvement in the alleged drugging, nothing in the FAC even implies that Ms. Ventura had the requisite intent to cause harm to Plaintiff. Indeed, the allegations require the opposite inference to be drawn: the FAC alleges that Ms. Ventura was herself incapacitated by drugs during these encounters, *id.* ¶ 53, that the encounters were filled with violence and Ms. Ventura suffered bodily harm during the encounters, *id.* ¶ 31, that Defendant Combs directed the sex acts, *id.* ¶ 29, that Defendant Combs would become violent if Ms. Ventura did not perform to his liking, *id.* ¶ 47, and that Ms. Ventura testified under oath that she was "guided" to treat escorts a particular way, *id* ¶ 101. Taking these allegations as true, it is simply not reasonable to infer that Ms. Ventura's actions were knowing and voluntary, as opposed to being directed and coerced by her abuser.

As to the allegation concerning the condom removal, the allegations in the FAC again contradict any determination that Ms. Ventura had the requisite intent to cause

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

the condom to break or herself intended any harm to Plaintiff. Crucially, the supposed act took place subsequent to Defendant Combs' request that the condom be removed. Together with the allegations concerning Ms. Ventura's status as a victim of Defendant Combs, *see supra*, no reasonable inference can be drawn from the vague and conclusory allegations in the FAC that Ms. Ventura had the ability or intent to commit the alleged act and cause the alleged harm. Additionally, to the extent Plaintiff alleges that Ms. Ventura caused him to contract a sexually transmitted disease, that allegation is entirely speculative and conclusory, and is in fact undermined by the FAC itself, which only contends that Defendant Combs (not Ms. Ventura) was infected with condyloma, the illness Plaintiff supposedly suffered from. FAC ¶ 52.

And for this reason, Plaintiff's allegation that Ms. Ventura had the intent to "heighten Plaintiff's terror of permanent bodily harm," is just a stand-alone conclusory statement that is unsupported by anything in the FAC. *Id.* ¶ 65(d). While the FAC asserts, without detail, that Plaintiff was "lur[ed] … under false pretenses," *id.* ¶ 78, it also alleges that Plaintiff worked as a "male entertain[er]," *id.* ¶ 2, and that he engaged in "consensual intercourse" with Ms. Ventura, *id.* ¶ 34. The FAC contains no allegations suggesting that Ms. Ventura lied in order to get Plaintiff to meet for encounters. And to the contrary—the FAC alleges that Plaintiff continued to attend encounters *after* he believes he was drugged and assaulted. *See* FAC ¶¶ 41-42 (months went by after "first drugging incident" before Plaintiff was invited to a hotel for an encounter and then accepted that invite); ¶ 44 (Plaintiff had sex with Ms. Ventura after

"first drugging incident"); ¶ 47 (referencing other encounters after the "breaking of the condom"); ¶ 48 (returning for yet another incident after multiple alleged druggings and assaults).  While he states that he was "deceived [ ] into believing he was attending legitimate social or business engagements, only to later coerce him into sexual acts," *id.* ¶ 107(a), that allegation is directly contradicted by the entirety of the FAC, in which Plaintiff makes clear he was recruited for sex work, *id.* ¶ 26, and continued to attend encounters expecting to engage in sex work.

Finally, the FAC suffers from a fatal flaw in that Plaintiff has not adequately pleaded that these alleged acts by Defendants were the cause of the litany of harms he has "long suffered" from.  Plaintiff contends he suffers from a number of serious ailments including post-traumatic stress disorder, major depressive disorder, panic disorder, and gastrointestinal issues.  *Id.* ¶¶ 68, 73 and 80.  He avers that he had severe reactions from being drugged, including being diagnosed with stomach cancer.  *Id.* ¶ 59.  He states that these conditions are "a direct result of Defendants' conduct," but beyond that, provides no factual assertion that would connect any of these issues with either of the Defendants' actions.  *Id.* ¶ 80.  Because the harm alleged is a bare conclusion, Plaintiff's claims cannot survive.  *Iqbal*, 556 U.S. at 678 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

For example, there is no logical or temporal connection pleaded between Ms. Ventura's inviting Plaintiff to a freak off and his gastrointestinal issues and subsequent

- 12 -
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

cancer diagnosis—that his ailments all happened in the approximately two decades since the supposed interactions with Defendants is not sufficient to show a causal nexus between the act and the harm.  And, because Plaintiff also alleges that he regularly worked as a male entertainer at the time, he has also not pleaded that the harms would not have occurred absent the Defendants' conduct, when there are equally plausible explanations for the harm related to Plaintiff's work having sex with other individuals. *See In re Century Aluminum Co. Securities Litigation*, 729 F.3d 1104, 1108 (9th Cir. 2013) ("When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation. . . . Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*.").

### 2.    Plaintiff Does Not State a Claim for IIED

To prevail on a claim of IIED, a plaintiff must establish: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct". *See Avina*, 681 F.3d at 1131; *see also* CACI No. 1600.  Only conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community" gives rise to a claim.  *Duronslet v. Cnty. of Los*

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

*Angeles*, 266 F. Supp. 3d 1213, 1218 (C.D. Cal. 2017) (citation omitted).  California courts have also set a "high bar" for the second element. *Matthews v. Apple, Inc.*, 769 F. Supp. 3d 999, 1014 (N.D. Cal. 2024).  "The plaintiff must show emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it."  *Id.* (internal quotation marks and citation omitted).

For the reasons stated above, the FAC's threadbare allegations that Ms. Ventura "specifically acted extremely and outrageously" are contradicted by the other allegations in the FAC that indicate she was a victim of Defendant Combs.  And as explained above, Plaintiff's conclusion that he was "lured under false pretenses" does not align with the allegations that as a male entertainer and sex worker, Plaintiff engaged in "consensual intercourse" with Ms. Ventura.  FAC ¶ 34.  Plaintiff cites no facts that would suggest that the bargained-for exchange for sex he contends took place with Defendants, in and of itself, satisfies the standard for "extreme" and "outrageous" conduct.  Indeed Plaintiff acknowledges returning for additional sexual encounters after this supposed conduct and continuing to accept payment for his sexual services, which directly undermines any suggestion that the conduct was extreme, outrageous, or the cause of the serious harm he states he suffers from.

Finally, as noted above, any allegation that Ms. Ventura transmitted a sexually transmitted disease to Plaintiff is entirely speculative and conclusory—to the contrary, the FAC alleges that Defendant Combs was infected with condyloma, and that

- 14 -
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Combs penetrated Plaintiff's anus, and that when Plaintiff awoke, he felt pain in his rectum where an infection eventually was diagnosed. *Id.* ¶¶ 52, 55-57. Aside from stating that both Defendants together committed every act and caused every harm, there is no allegation or factual support that Ms. Ventura had this disease, transmitted it to Plaintiff or knew about Defendant Combs's condition. Without allegations that Ms. Ventura's conduct proximately caused the emotional distress he claims he suffers from, the mere conclusion that Plaintiff suffers from a list of disorders "as a direct result of Defendants' conduct" is not sufficient to plead a claim for IIED. *Id.* ¶ 80, *see Twombly*, 550 U.S. at 555 (a plaintiff must provide more than legal conclusions in a pleading).

### 3.    Plaintiff Does Not State a Claim for Negligence

Plaintiff contends that Defendants were negligent because they both "had a duty to disclose known STI status before sexual activity" and that they "stood in a special relationship to Plaintiff" because they "controlled" access to hotel suites. FAC ¶¶ 85-86.

Plaintiff's negligence claims are incompatible with his intentional tort claims—which are based entirely on the same facts and circumstances. Courts have found that negligence claims were subsumed into assault and battery claims, and have otherwise dismissed negligence claims to the extent they are based on alleged intentional conduct. *See*, *e.g.*, *M.J. v. United States*, 759 F. Supp. 3d 1034, 1056 (S.D. Cal. 2024) (describing a negligence claim grounded in intentional sexual assault and battery as an intentional

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

tort, and holding that such claims were barred under the intentional tort exception of the Federal Tort Claims Act).

Additionally, Plaintiff cannot create a duty where none exists. While there are laws that attach criminal liability to intentional transmission of a sexually transmitted disease if it is done with specific intent, Cal. Health & Safety Code § 120290, there is no general duty to disclose. Even physicians' duty to disclose information to sexual partners is permissive, not mandatory. Cal. Health & Safety Code § 121015. And indeed, individuals retain constitutional rights to privacy concerning medical information. *Cf. Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F.3d 1260, 1269 (9th Cir. 1998) ("One can think of few subject areas more personal and more likely to implicate privacy interests than that of one's health or genetic make-up.").

Most crucially, there is no allegation in the FAC from which this Court could determine that Ms. Ventura transmitted the infection Plaintiff claims he suffered from. To the contrary, as stated above, the FAC alleges that Defendant Combs was infected with condyloma, and that Defendant Combs penetrated Plaintiff's anus, and that he felt pain in his rectum after an encounter. FAC ¶¶ 55-57. Even if a duty to disclose existed, there are not sufficient facts to conclude that Ms. Ventura was herself infected with any disease, that she knew she was infected, that the infection Plaintiff allegedly suffered from was transmitted by Ms. Ventura, or that Ms. Ventura knew that Combs was infected with condyloma.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

4.      Plaintiff Does Not State a Claim for Trafficking

For the same reasons his tort and common law claims fail, Plaintiff's claim under California's trafficking statute similarly fails.

Cal. Civil Code § 52.5 creates a civil cause of action for victims of human trafficking, which is defined by cross-reference to Cal. Penal Code § 236.1.  Under Section 236.1, a person is guilty of human trafficking when he or she "deprives or violates the personal liberty of another with the intent to obtain forced labor or services." Cal. Penal Code § 236.1(a). "Deprivation or violation of the personal liberty of another" under California law "includes substantial and sustained restriction of another's liberty accomplished through force, fear, fraud, deceit, coercion, violence, duress, menace, or threat of unlawful injury to the victim or to another person." *Id.* at § 236.1(h)(3). "'Forced labor or services' means labor or services that are performed or provided by a person and are obtained or maintained through force, fraud, duress, or coercion, or equivalent conduct that would reasonably overbear the will of the person." *Id.* at § 236.1(h)(5).

There is not a single non-conclusory allegation in the FAC that Ms. Ventura actually participated in any scheme to traffic Plaintiff.  The FAC relies upon Ms. Ventura's trial testimony as support for the allegation that she was responsible for recruiting and paying escorts.  While Ms. Ventura did testify that she was *directed* to recruit escorts and that she was *instructed* to pay them with "Sean's money," that is not sufficient to show knowing conduct by Ms. Ventura to engage in a commercial sex act

- 17 -

through coercion, fraud, or force.  Indeed, as the trial testimony *cited in the FAC* makes clear, Ms. Ventura testified to being *directed* and *instructed* by Defendant Combs—her trafficker—to engage in sex acts with third parties.  FAC ¶ 101 (citing testimony that Ms. Ventura was "guided to treat people like they were disposable").

Further, the allegation that Defendants "used manipulation, deception, and intimidation" has no factual content from which this Court could determine a claim is stated.  *Id.* ¶ 107(c).  Contending that Ms. Ventura "acted as an active participant" and "encourage[ed] and assist[ed]" Combs, *id.* ¶ 108, without any other factual details, is simply a restatement of the elements of a trafficking claim.  This does not come close to meeting the requirements of Rule 8, and this count must be dismissed along with the rest of the FAC.  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Simply put—and especially when this Court takes judicial notice of Ms. Ventura's status as a victim and government witness in the criminal proceedings against Sean Combs—Plaintiff has not and cannot plausibly contend that Ms. Ventura had the ability or intent to commit the acts Plaintiff claims.  Plaintiff's FAC must be dismissed in its entirety.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Dated: May 26, 2026        Respectfully submitted,

By: _____

Melodie Han
Douglas Wigdor (*pro hac vice forthcoming*)
Meredith Firetog (*pro hac vice forthcoming*)
WIGDOR LLP
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
mhan@wigdorlaw.com
dwigdor@wigdorlaw.com
mfiretog@wigdorlaw.com

*Counsel for Ms. Ventura*

- 19 -
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS