Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard
Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900
*Attorneys for Defendant Sean Combs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| EDMOND LAURENT,<br><br>    Plaintiff,<br><br> v.<br><br>SEAN COMBS, JANE DOE 1, DOES 2–10,<br><br>    Defendants. | Case No. 2:25-cv-9495-GW-AGRx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date: August 3, 2026<br>Time: 8:30 a.m.<br>Judge: Hon. George H. Wu<br>Courtroom: 9D |

DEFENDANT'S MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

BACKGROUND ....................................................................................................2

   A.   Plaintiff's Allegations ...............................................................................2

   B.   Procedural History ...................................................................................2

LEGAL STANDARD..............................................................................................3

ARGUMENT .........................................................................................................4

   A.   Plaintiff's Claims Are Barred by the Statute of Limitations ............................4

   B.   In the Alternative, Plaintiff Should Be Required to
Provide a More Definite Statement ...............................................................5

   C.   The FAC Fails to State a Claim for IIED .......................................................7

   D.   The FAC Fails to State a Claim for Human Trafficking ..................................9

   E.   Plaintiff Should Not Be Denied Leave to Amend ..........................................11

CONCLUSION.......................................................................................................12

DEFENDANT'S MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Cases**                                                                        **Page(s)**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................................3, 4, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................................3, 4

*Chodos v. W. Publ'g Co.*,
  292 F.3d 992 (9th Cir. 2002) ...................................................................................11

*Clavon v. TSAY JBR, Inc.*,
  2010 WL 11601827 (C.D. Cal. Oct. 21, 2010) ..........................................................8

*Cordes v. Boulder Brands USA, Inc.*,
  2019 WL 1002513 (C.D. Cal. Jan. 30, 2019) ...........................................................11

*Davidson v. City of Westminster*,
  32 Cal.3d 197 (1982).............................................................................................7, 8

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014)..................................................................................3, 4

*In re Cloudera, Inc.*,
  121 F.4th 1180 (9th Cir. 2024).................................................................................4, 6

*In re N.C.*,
  4 Cal. App. 5th 1235 (Cal. Ct. App. 2016) ................................................................9

*In re Rigel Pharms., Inc. Sec. Litig.*,
  697 F.3d 869 (9th Cir. 2012)......................................................................................4

*Jablon v. Dean Witter & Co.*,
  614 F.2d 677 (9th Cir. 1980)......................................................................................4

*Melrose Place Holdings v. Socotra Opportunity Fund, LLC*,
  2022 WL 3013226 (C.D. Cal. May 31, 2022) .........................................................7, 8

*People v. Campbell*,
  51 Cal. App. 5th 463 (Cal. Ct. App. 2020) ...........................................................10, 11

*People v. Guyton*,
  20 Cal. App. 5th 499 (Cal. Ct. App. 2018) ................................................................9

*People v. Oliver*,
  54 Cal. App. 5th 1084 (Cal. Ct. App. 2020) .............................................................10

*People v. Wilson*,
  111 Cal. App. 5th 1020 (Cal. Ct. App. 2025) ........................................................9, 10

*People v. Zambia*,
  51 Cal.4th 965 (2011)......................................................................................10, 11

*Rebolledo v. JPMorgan Chase Bank, NA*,
  2010 WL 11595812 (C.D. Cal. Mar. 2, 2010) ..............................................6

*Wallis v. Princess Cruises, Inc.*,
  306 F.3d 827 (9th Cir. 2002)..........................................................................7

*Wood v. Apodaca*,
  375 F. Supp. 2d 942 (N.D. Cal. 2005) ..........................................................6

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009).........................................................................11

**Statutes**

Cal. Civ. Code § 52.5................................................................................4, 5, 9

Cal. Code Civ. Proc. § 335.1 .........................................................................4

Cal. Code Civ. Proc. § 340.16 ....................................................................1, 5

Cal. Penal Code § 236.1...........................................................................9, 10, 11

Cal. Penal Code § 266i ..................................................................................10

**Other Authorities**

Restatement (Second) of Torts (1965).........................................................7

**Rules**

Fed. R. Civ. P. 9............................................................................................4, 6

Fed. R. Civ. P. 12.........................................................................................1, 6

Fed. R. Civ. P. 15...........................................................................................11

DEFENDANT'S MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Defendant Sean Combs ("Mr. Combs") respectfully submits this Memorandum of Points and Authorities in support of his motion to dismiss Plaintiff Edmond Laurent's ("Plaintiff") First Amended Complaint (the "FAC"), filed on March 6, 2026. Mr. Combs moves to dismiss the FAC under Fed. R. Civ. P. 12(b)(6) for the following reasons: (1) expiration of the applicable statutes of limitations and (2) failure to state a claim upon which relief can be granted (the "Motion to Dismiss").

## INTRODUCTION

In this second attempt at pleading claims, Plaintiff again fails to plead facts establishing that any claim is timely commenced or plausible.  Although Plaintiff invokes California's revival statute under Cal. Code Civ. Proc. § 340.16, the FAC omits the most basic allegation necessary to invoke that statute, that is, *when the alleged conduct occurred*.  Plaintiff alleges no date, no year, and no factual predicate from which the Court could reasonably determine—much less infer—that the alleged conduct occurred within the revival period under Section 340.16. Therefore, the FAC fails to plausibly allege any timely-filed claim.

Further, the FAC fails to adequately plead intentional infliction of emotional distress ("IIED") and human trafficking claims.  The IIED claim relies on conclusory and undifferentiated allegations that fail to plausibly allege extreme and outrageous conduct attributable to Mr. Combs.  And the human-trafficking claim attempts to transform an alleged series of isolated paid encounters for sex into "human trafficking" without plausibly alleging either a sustained deprivation of liberty or the required specific statutory intent.

The Court should grant the Motion to Dismiss the FAC without further leave to amend.  Alternatively,  absent dismissal, Plaintiff should be ordered to provide a more definite statement identifying when the alleged conduct occurred that he is claiming entitlement to damages in the FAC.

DEFENDANT'S MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

## BACKGROUND

### A. Plaintiff's Allegations

The FAC alleges that Plaintiff was employed as a model, actor, bodybuilder, fitness trainer, and exotic dancer during the 1990s and 2000s. (FAC ¶¶ 16–21.)  At some unspecified time, Plaintiff allegedly met Mr. Combs and Defendant Casandra Ventura ("Ms. Ventura" and collectively with Mr. Combs, "Defendants").  Ms. Ventura arranged for Plaintiff to perform an exotic dance at a hotel in Los Angeles.  (*Id.* ¶¶ 22–24.)  Plaintiff alleges that he performed, was paid, and then left the hotel.  (*Id.* ¶ 24.)

The FAC further alleges that Ms. Ventura contacted him again to arrange another encounter.  (*Id.* ¶ 25.)  Plaintiff thereafter engaged in recurring sexual encounters with Defendants over an unspecified period of time.  (*Id.* ¶¶ 26, 34.)

Plaintiff's claims principally arise from three alleged encounters during which he contends his participation became non-consensual after he was repeatedly paid for sexual activity in the past.  The FAC alleges that, on one occasion, Plaintiff was unknowingly drugged by Defendants.  (*Id.* ¶¶ 35–40.)  During a separate encounter, Plaintiff claims he was drugged and subjected to unprotected sexual contact by Ms. Ventura after she broke his condom without his knowledge or consent.  (*Id.* ¶¶ 41–46.)  Lastly, Plaintiff claims in a third encounter he was drugged and Mr. Combs allegedly had sex with him while he was unconscious.  (*Id.* ¶¶ 48–54.)

Plaintiff claims that on an unspecified date he contracted genital warts and suffered continuing physical, emotional, and occupational injuries.  (*Id.* ¶¶ 55–63.)

### B. Procedural History

On July 1, 2025, Plaintiff filed a summons and complaint in the Superior Court for the State of California, Los Angeles County, captioned *Laurent v. Combs*, No. 25STCV19200.  That complaint purported to allege claims against Defendants for assault, battery, IIED, negligence, sexual battery, and civil conspiracy.  Ms. Ventura

(then sued only as "Jane Doe 1") also faced claims alone for aiding and abetting and human trafficking under Cal. Civ. Code § 52.5.

Mr. Combs removed the action to this Court on October 6, 2025. (Dkt. No. 1.) He then moved to dismiss the complaint under Rule 12(b)(6). (Dkt. No. 11.) Before determining the motion to dismiss, on January 12, 2026, the Court issued an Order to Show Cause ("OSC") as to why the Court possessed subject-matter jurisdiction under 28 U.S.C. § 1332, focusing on the parties' citizenship for purposes of diversity. (Dkt. No. 18.) Without entering an order on the OSC, on February 19, 2026, the Court granted Plaintiff leave to amend the complaint. (Dkt. No. 35). On March 6, 2026, Plaintiff filed the FAC. (Dkt. No. 36.)

In the FAC, Plaintiff excluded his claims for civil conspiracy and aiding and abetting, but reasserted claims against Mr. Combs for assault, battery, IIED, negligence, and sexual battery. The FAC also added Mr. Combs to Plaintiff's human-trafficking claim, which was originally asserted against Ms. Ventura alone.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation omitted).

Assessing a motion to dismiss is a two-step process that is "context specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *see Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995–96 (9th Cir. 2014). First, the Court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at

DEFENDANT'S MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

679. All such allegations must be disregarded. *See id.* Second, it "assume[s] the[] veracity" of the "*well pleaded* factual allegations" and "determine[s] whether they *plausibly* give rise to an entitlement to relief." *Id.* (emphasis added); *see Twombly*, 550 U.S. at 555. Accordingly, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," requiring its dismissal. *Iqbal*, 556 U.S. at 678; *see Eclectic Props.*, 751 F.3d at 996.

Because the FAC partially rests on allegations of fraud (FAC ¶¶ 68, 72, 76, 97–98, 105–07), Plaintiff must satisfy Fed. R. Civ. P. 9(b), which requires fraud to be pleaded "with particularity." "To properly plead fraud with particularity . . . a pleading must identify the who, what, when, where, and how of the misconduct charged." *In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th Cir. 2024) (quotation omitted). "In other words, it must provide an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Id.* (quotation omitted). The complaint must also explain "why the statements were false or misleading at the time they were made." *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012); *see In re Cloudera*, 121 F.4th at 1187.

## ARGUMENT

### A. Plaintiff's Claims Are Barred by the Statute of Limitations

A statute of limitations defense can be asserted in a motion to dismiss if the defense is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The FAC purports to allege six claims against Mr. Combs: Assault (First Cause of Action); Battery (Second Cause of Action); IIED (Third Cause of Action); Negligence (Fourth Cause of Action); Sexual Battery (Fifth Cause of Action); and Human Trafficking under Cal. Civ. Code § 52.5 (Sixth Cause of Action).

The applicable limitations periods for these claims range from seven years for human trafficking to two years for all others. *See* Cal. Code Civ. Proc. § 335.1; Cal.

Civ. Code § 52.5(c).  Yet, the FAC alleges no date—and not even an approximate year—when any of the purported wrongful conduct occurred.

Only two time periods are referenced in the FAC:

  (1) Paragraph 15, where it is alleged that Plaintiff was a highly sought-after performer "[i]n the 1990s and 2000s"; and

  (2) Paragraph 20, where it is alleged that "Plaintiff was signed to a modeling and talent agency" "[i]n the late 2000s[.]" (FAC ¶¶ 15, 20.)

But neither of those allegations identifies when the *alleged misconduct occurred* and therefore cannot plausibly establish the timeliness of any claim.

Plaintiff relies on Cal. Code Civ. Proc. § 340.16 to revive his facially untimely claims.  (*Id.* at 1 ("Filed Pursuant to [Section 340.16]").)  Section 340.16 extends the limitations period for claims seeking "recovery of damages suffered as a result of sexual assault[.]" Although the statute contains multiple revival provisions, Plaintiff apparently relies on Section 340.16(b)(3), which covers claims based on conduct occurring on or after January 1, 2009.  But Plaintiff cannot benefit from that statutory provision because the FAC fails to allege when the wrongful conduct occurred—much less if any conduct occurred on or after January 1, 2009.  Without allegations of conduct within the revival period, the FAC does not plausibly allege that Section 340.16 applies.  Plaintiff's claims are therefore time-barred on the face of the pleading.

**B. In the Alternative, Plaintiff Should Be Required to Provide a More Definite Statement**

If the action is not dismissed as time-barred, Plaintiff should be ordered to plead a more definite statement identifying when the alleged wrongful conduct occurred. Without an approximate timeframe for each alleged sexual encounter of which Plaintiff complains, Mr. Combs is critically incapable of determining whether Plaintiff is entitled to revive his moribund claims under Cal. Code Civ. Proc. § 340.16 or to

reasonably respond to the FAC other than to deny that he ever committed any misconduct whatsoever.

Fed. R. Civ. P. 12(e) permits a motion for a more definite statement where a pleading "is so vague or ambiguous that a party cannot reasonably prepare a response." Courts grant such motions where clarification is necessary to evaluate a statute-of-limitations defense. *See Rebolledo v. JPMorgan Chase Bank, NA*, 2010 WL 11595812, at \*1–2 (C.D. Cal. Mar. 2, 2010) (granting motion for more definite statement, in part, where clarification was "critical" to the availability of a "potential statute of limitations bar"); *Wood v. Apodaca*, 375 F. Supp. 2d 942, 949–50 (N.D. Cal. 2005) (granting motion for more definite statement on similar grounds).

The FAC is more deficient than the pleading was in *Rebolledo*. There, the court granted the defendant's motion for a more definite statement even though the complaint alleged the year of the misconduct. *Rebolledo*, 2010 WL 11595812, at \*1. The FAC lacks not only the date when the misconduct allegedly occurred, but also the approximate year. Without basic timing allegations, Mr. Combs cannot reasonably evaluate whether the claims may be asserted under applicable law.

Rule 8 does not require exhaustive detail, but it does require enough facts to permit a defendant to understand the claims and assess threshold defenses arising from the pleading. A complaint that entirely omits allegations addressing when the alleged misconduct occurred does not satisfy that standard where such information is essential to determining whether the alleged misconduct falls within a statutory revival period.[1]

If the FAC is not dismissed on statutes of limitation grounds, then Plaintiff should be ordered to plead a more definite statement in which he specifically identifies when the alleged misconduct purportedly occurred for each claim.

---

[1] Rule 9(b) also emphasizes the necessity of particularity because Plaintiff's claims sound in fraud. That rule requires specific allegations regarding, among other things, the "time" of the alleged misrepresentations. *In re Cloudera, Inc.*, 121 F.4th at 1187.

## C. The FAC Fails to State a Claim for IIED

To state a IIED claim, a plaintiff must plausibly allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) suffering severe or extreme emotional distress caused by the defendant; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct[.]" *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982) (quotation omitted). The IIED claim fails here because the FAC does not plausibly allege extreme and outrageous conduct specifically attributable to Mr. Combs.

The "extreme and outrageous conduct" element imposes a demanding standard. It is not enough "that the defendant has acted with an intention which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 841 (9th Cir. 2002) (quoting Restatement (Second) of Torts § 46 cmt. D (1965)). Rather, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (emphasis removed).

The FAC fails to sufficiently plead this essential element with respect to Mr. Combs. It repeatedly attributes alleged misconduct collectively to "Defendants," without identifying which alleged acts were specifically committed by Mr. Combs or someone else. For example, the FAC alleges that "Defendants" drugged Plaintiff, subjected him to degrading conduct, and exposed him to sexually transmitted disease, but it often fails to identify what specific misconduct Mr. Combs allegedly undertook, as opposed to Ms. Ventura. Such undifferentiated group pleading is insufficient to plausibly allege the individualized misconduct necessary to support an IIED claim against Mr. Combs. *See Melrose Place Holdings v. Socotra Opportunity Fund*, *LLC*,

2022 WL 3013226, at *5 (C.D. Cal. May 31, 2022) (complaint using "the omnibus term 'Defendants' to allege misconduct without differentiation" with "each and every claim incorporat[ing] by reference all preceding paragraphs without specificity" "falls squarely into the category of an impermissible shotgun pleading.").

The FAC heavily relies on conclusory allegations that are not supported by factual details. Allegations that Defendants "entrap[ped]" Plaintiff, "allow[ed] unauthorized sex workers access," or engaged in "extreme, severe, and outrageous conduct" are legal conclusions that cannot be assumed as the truth. (FAC ¶ 76); *see Iqbal*, 556 U.S. at 678–79.

The FAC also fails to plausibly allege a non-speculative, causal connection between any specific misconduct by Mr. Combs and Plaintiff's alleged injuries. Although the FAC alleges that Plaintiff contracted genital warts, it indiscriminately attributes such transmission to Ms. Ventura, Mr. Combs, or both. (*Id.* ¶¶ 55–57, 71–73, 79.) Therefore, the FAC fails to plausibly allege how Mr. Combs specifically caused Plaintiff's alleged injuries.

Lastly, the FAC fails to plausibly allege that Mr. Combs engaged in the alleged misconduct "with the intention of causing, or [in] reckless disregard of the probability of causing, emotional distress." *Davidson*, 32 Cal.3d at 209. The only relevant allegation is that "Defendant intentionally engaged in a sustained, premeditated campaign of psychological terror that amounted to extreme, severe, [and] outrageous conduct[.]" (FAC ¶ 76.) But that allegation is conclusory and group-pleaded. Once it is disregarded, *see Iqbal*, 556 U.S. at 678–79, the FAC contains no nonconclusory allegations supporting the required mental state to assert the claim. *See Clavon v. TSAY JBR, Inc.*, 2010 WL 11601827, at *5 (C.D. Cal. Oct. 21, 2010) (dismissing IIED claim because the complaint alleged only extreme and outrageous conduct and "[did] not speak to mental state specifically with regard to the infliction of emotional distress.").

Taken as a whole, Plaintiff's conclusory and group-pleaded allegations cannot plausibly sustain an IIED claim against Mr. Combs and therefore it should be dismissed.

**D. The FAC Fails to State a Claim for Human Trafficking**

The FAC fails to plausibly allege a human trafficking claim against Mr. Combs. That claim under Cal. Civ. Code § 52.5 incorporates the definition of "human trafficking" in Cal. Penal Code § 236.1. *See* Cal. Civ. Code § 52.5(a). The relevant provision—Section 236.1(b), which governs adult sex trafficking—requires allegations that a defendant "deprive[d] or violate[d] the personal liberty of another with the intent to effect or maintain a violation of" certain enumerated statutes relating to pimping, pandering, the possession, sale, advertising, and distribution of obscene materials, the exploitation of minors in certain sexual contexts, and extortion. Cal. Penal Code § 236.1(b); *In re N.C.*, 4 Cal. App. 5th 1235, 1248 n.12 (Cal. Ct. App. 2016).

Human trafficking is not plausibly alleged because Mr. Combs did not "deprive or violate" Plaintiff's "personal liberty" or intend to violate one of the enumerated criminal statutes. "Deprivation or violation of the personal liberty of another," as defined in the statute, "includes substantial and sustained restriction of another's liberty accomplished through force, fear, fraud, deceit, coercion, violence, duress, menace, or threat of unlawful injury to the victim or to another person, under circumstances where the person receiving or apprehending the threat reasonably believes that it is likely that the person making the threat would carry it out." Cal. Penal Code § 236.1(h)(3).

California courts emphasize that this element requires conduct "far more serious and sinister" than merely procuring or pimping, even though those acts may themselves be criminal. *People v. Guyton*, 20 Cal. App. 5th 499, 507–08 (Cal. Ct. App. 2018). In *People v. Guyton*, the defendant isolated the victim from her child for four months, constantly monitored her, forced her into prostitution, checked her phone, and deprived her of independent financial means. *Id.* at 502–08. Likewise, in *People v. Wilson*, 111

DEFENDANT'S MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Cal. App. 5th 1020 (Cal. Ct. App. 2025), the court found sufficient evidence to find the statute was violated where the defendant constantly monitored the victims, restricted their movement, took their money, and used physical abuse to secure compliance over an extended period. *Id.* at 1037–39.

The FAC does not allege any comparable control over Plaintiff's liberty, whether sustained or otherwise. It does not allege that Mr. Combs monitored Plaintiff, controlled his movement, controlled his finances, isolated him from others, required him to engage in commercial sex, or threatened him with physical or other harm if he refused. Instead, the FAC alleges a series of discrete voluntary encounters that Plaintiff attended separately and over an unspecified period of time. (FAC ¶¶ 22–26, 34–54.) Even accepting the allegations in the FAC as true, they do not plausibly plead the substantial and sustained restriction of "liberty" required under Section 236.1(b). *See People v. Oliver*, 54 Cal. App. 5th 1084, 1098–1100 (Cal. Ct. App. 2020) (affirming human trafficking conviction because, even though the victim was allowed freedom of travel, the defendant still tracked her phone, required the victim to constantly check in, and threatened her with physical violence if she failed to comply).

Nor does the FAC plausibly allege that Mr. Combs acted with the specific intent to violate any statute enumerated in Section 236.1(b). The only possible relevant offense is "pandering" under Cal. Penal Code § 266i, which concerns "the business of recruiting a prostitute, finding a place of business for a prostitute, or soliciting customers for a prostitute." *People v. Campbell*, 51 Cal. App. 5th 463, 484 (Cal. Ct. App. 2020) (quotation omitted). But "[p]andering is a specific intent crime. To be guilty of the offense, the defendant must have the specific intent to persuade, encourage, or otherwise influence the target to become a prostitute." *Id.* at 487; *see People v. Zambia*, 51 Cal.4th 965, 978 (2011) ("The plain intent and purpose behind all the provisions of [S]ection 266i, taken together, is to deter pimps or others from establishing new working relationships in the unlawful prostitution trade.").

The FAC alleges that Plaintiff was already engaged in the commercial sex business before any alleged encounter with Defendants. (FAC ¶¶ 2, 32.) Although pandering can include encouraging someone already engaged in prostitution, it requires allegations that the defendant encouraged that person "to work with the panderer or another pimp in plying the prostitution trade." *Zambia*, 51 Cal.4th at 980–81. The FAC does not allege that Mr. Combs attempted to recruit Plaintiff to work for him or any other pimp—let alone in connection with a violation or deprivation of Plaintiff's personal liberty. The FAC therefore fails to plausibly allege the "specific intent" required to support a trafficking claim under Section 236.1(b). *Campbell*, 51 Cal. App. 5th at 487.

The Court should dismiss the human trafficking claim against Mr. Combs.

**E. Plaintiff Should Not Be Denied Leave to Amend**

Fed. R. Civ. P. 15 generally encourages liberality in granting requests to amend, but not when a court has already granted leave in the past, giving it "broad" discretion in denying subsequent requests. *See Cordes v. Boulder Brands USA, Inc.*, 2019 WL 1002513, at *4 (C.D. Cal. Jan. 30, 2019) (quotation omitted); *see Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Plaintiff was previously placed on notice of the untimeliness of his claims in the prior motion to dismiss filed by Mr. Combs, as well as during the meet-and-confer discussions between counsel. Yet Plaintiff still failed to allege in the FAC when the purported misconduct occurred or any other allegations that would be sufficient to establish the applicability of Section 340.16 revival provision.

Plaintiff's failure to correct these statute-of-limitations defects after amendment is "a strong indication that [he has] no additional facts to plead." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quotation omitted). For these reasons, the Court should dismiss the FAC without further leave to amend.

DEFENDANT'S MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

## CONCLUSION

Based on all of the foregoing, the Court should grant the Motion to Dismiss, dismissing all claims against Mr. Combs, together with such other and further relief as is just and proper.  Alternatively, the Court should order Plaintiff to present a more definite statement of his claims.

Dated:  May 26, 2026

SCHONBUCH HALLISSY LLP

*/s/ Michael Schonbuch*

_____

Michael Schonbuch
Lilah N. Cook

*Attorneys for Defendant Sean Combs*

## CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Defendant Sean Combs, certifies that this brief contains 3,622 words, which complies with the word limit of L.R. 11-6.1.

Dated:   May 26, 2026                     */s/ Michael Schonbuch*

_____

Michael Schonbuch
Lilah N. Cook

DEFENDANT'S MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT