UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **2:25-cv-09495-GW-(AGRx)** | Date | June 1, 2026 |
|---|---|---|---|
| Title | ***Edmond Laurent v. Sean Combs et al*** | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER TO SHOW CAUSE RE: JURISDICTION**

On July 1, 2025, plaintiff Edmond Laurent ("Plaintiff") initiated this action against defendant Sean Combs ("Combs"), Jane Doe 1, and Does 2-10 (collectively, "Defendants") in the Superior Court of California, County of Los Angeles. *See* Complaint, Ex. B, Docket No. 1-2, at 1. On October 6, 2025, Combs removed this action to federal court. *See* Docket No. 1. On November 12, 2025, Combs filed a motion to dismiss. *See* Docket No. 11. On January 12, 2026, this Court issued an Order to Show Cause ("OSC") regarding subject matter jurisdiction and vacated the hearing on Combs' motion to dismiss pending the resolution of certain jurisdictional issues. *See* OSC, Docket No. 18. The parties filed their respective responses to the OSC. *See* Docket Nos. 19, 22. On January 30, 2026, the Court conferred with the parties and allowed Plaintiff to submit an in camera filing as to the identity of Jane Doe 1.[1] *See* Docket No. 28. Plaintiff identified Jane Doe 1 in a sealed filing and simultaneously moved for leave to amend the Complaint to name Jane Doe 1. *See generally* Docket No. 30. On February 19, 2026, the Court granted this motion and continued the OSC to March 30, 2026. *See* Docket No. 35.

On March 6, 2026, Plaintiff filed a First Amended Complaint ("FAC"). *See* FAC, Docket No. 36. The FAC appears to identify Jane Doe 1 as Casandra Ventura ("Ventura") and alleges that she "conspired with and assisted Defendant Combs in the commission of the acts alleged [t]herein." *See id.* ¶ 7. On March 25, 2026, the parties filed a joint status brief proposing that the Court continue the OSC to a date after Defendants' responsive pleadings are due and Ventura has formally appeared in this action and asserted her domicile. *See* Docket No. 37, at 3. The Court continued the OSC to June 4, 2026. *See* Docket No. 38. On May 26, 2026, Combs and Ventura filed separate motions to dismiss, both of which are set for hearing on

---

[1] The Court had observed "substantial allegations [in the Complaint] relating to the specific conduct of Jane Doe 1" and was concerned about "the possibility that the Doe defendants, particularly Jane Doe 1, may be later identified and that such defendants may be California citizens." *See* OSC at 2.

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **2:25-cv-09495-GW-(AGRx)** | Date | June 1, 2026 |
|---|---|---|---|
| Title | ***Edmond Laurent v. Sean Combs et al*** | | |

August 3, 2026.[2]  *See* Docket Nos. 40-41.  On June 1, 2026, the parties filed a joint status brief proposing that the Court continue the OSC to a date after the August 3 hearing date for the pending motions to dismiss. *See* Docket No. 42, at 2.

At this time, the Court is strongly inclined to vacate the hearing set for the pending motions to dismiss and to *sua sponte* remand this matter back to state court based on a lack of subject matter jurisdiction.  First, there is no federal question jurisdiction because the only claims asserted in the FAC arise under state law.  *See generally* FAC.  Second, there is no diversity jurisdiction because there does not appear to be complete diversity among the parties.  The Court observes that Plaintiff has not adequately alleged the facts essential for determining the existence of such jurisdiction by alleging only the residency of certain parties.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.").  Plaintiff is alleged to be "an individual residing in the State of California."  FAC ¶ 1.  Combs is alleged to be "a California citizen for purposes of diversity jurisdiction" based on his domicile and ownership of residential property in Los Angeles, California.  *See id.* ¶ 2.  Ventura is alleged to be "a resident of San Diego County in California."  *Id.* ¶ 7.  Furthermore, even assuming that it was Plaintiff's intent to allege that he and Ventura are also California citizens, the Court observes that there are not completely diverse citizens on both sides.

In sum, because the Court lacks subject matter jurisdiction over this action, the Court cannot hear the merits of the pending motions to dismiss.  As such, the Court finds no basis to continue the OSC to a date following the scheduled hearing on such motions.  The Court will hear from the parties regarding the OSC this Thursday, June 4, 2026, at 8:30 a.m., but notes that it will likely remand this action back to state court.

JRE

---

[2] Neither of these motions to dismiss have been filed on the basis of Federal Rule of Civil Procedure 12(b)(1), or a lack of subject matter jurisdiction.