UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-9495-GW-AGRx | Date | June 24, 2026 |
|---|---|---|---|
| Title | *Edmond Laurent v. Sean Combs, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**   **IN CHAMBERS - RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c) [46]**

Attached is the Court's Ruling on Plaintiff's Motion [46]. The Court DENIES the Motion.

:

Initials of Preparer   JG

***Edmond Laurent v. Sean Combs et al***; Case No. 2:25-cv-09495-GW-(AGRx)
Ruling on Plaintiff's Motion for Attorney's Fees and Costs Pursuant to 28 U.S.C. § 1447(c)

I.      **Background**

Plaintiff Edmond Laurent ("Plaintiff") initiated this action against defendant Sean Combs ("Combs"), Jane Doe 1, and Does 2-10 in the Superior Court of California, County of Los Angeles, on July 1, 2025.  *See* Complaint, Ex. B, Docket No. 1-2, at 1.  On October 6, 2025, Combs removed this action to federal court on the basis of diversity jurisdiction.  *See* Notice of Removal ("NOR"), Docket No. 1.  On November 12, 2025, Combs filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) based upon: (1) an alleged expiration of applicable statutes of limitations, and (2) failure to state a claim upon which relief can be granted.  *See* Docket No. 11.  On January 12, 2026, and prior to the hearing on the motion,[1] this Court issued an Order to Show Cause ("OSC") regarding subject matter jurisdiction and vacated the hearing on Combs' motion to dismiss pending the resolution of certain jurisdictional issues.  *See* OSC, Docket No. 18.  The parties filed their respective responses to the OSC.  *See* Docket Nos. 19, 22.  On January 30, 2026, the Court conferred with the parties and allowed Plaintiff to submit an in camera filing as to the identity of Jane Doe 1.[2]  *See* Docket No. 28.  Plaintiff identified Jane Doe 1 in a sealed filing and simultaneously moved for leave to amend the Complaint to name Jane Doe 1.  *See generally* Docket No. 30.  On February 19, 2026, the Court granted this motion and continued the OSC to March 30, 2026.  *See* Docket No. 35.

On March 6, 2026, Plaintiff filed a First Amended Complaint ("FAC").  *See* FAC, Docket No. 36.  The FAC appears to identify Jane Doe 1 as Casandra Ventura ("Ventura") and alleges that she "conspired with and assisted Defendant Combs in the commission of the acts alleged [t]herein."  *See id.* ¶ 7.  On March 25, 2026, the parties filed a joint status brief proposing that the Court continue the OSC to a date after Defendants' responsive pleadings are due and Ventura has formally appeared in this action and asserted her domicile.  *See* Docket No. 37, at 3.  The Court continued the OSC to June 4, 2026.  *See* Docket No. 38.  On May 26, 2026, Combs and Ventura

---

[1] The parties stipulated to continue the hearing on the motion to dismiss from December 18, 2025 to January 22, 2026, which this Court granted.  *See* Docket Nos. 12, 15.

[2] The Court had observed "substantial allegations [in the Complaint] relating to the specific conduct of Jane Doe 1" and was concerned about "the possibility that the Doe defendants, particularly Jane Doe 1, may be later identified and that such defendants may be California citizens."  *See* OSC at 2.

filed separate motions to dismiss, both of which were set for hearing on August 3, 2026.[3] *See* Docket Nos. 40-41. On June 1, 2026, the parties filed a joint status brief proposing that the Court continue the OSC to a date after the August 3 hearing date for the pending motions to dismiss. *See* Docket No. 42, at 2. On June 2, 2026, the Court issued an order indicating its "strong inclin[ation] to vacate the hearing set for the pending motions to dismiss and to *sua sponte* remand this matter back to state court based on a lack of subject matter jurisdiction" and declined to continue the OSC. *See* Docket No. 43, at 2. On June 4, 2026, following oral argument from the parties, the Court remanded this action. *See* Docket No. 44.

Now before the Court is Plaintiff's Motion for Attorney's Fees and Costs Pursuant to 28 U.S.C. § 1447(c) ("Motion"). *See* Motion, Docket No. 46. For the reasons stated herein, the Court **DENIES** the Motion and vacates the hearing. *See* C.D. Cal. L.R. 7-15 ("The Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules.").

## II.      Legal Standard

Section 1447(c) provides, in relevant part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.*

28 U.S.C. § 1447(c) (emphasis added). "[W]hether a removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)." *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007) (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 137 (2005)). "Rather, 'the standard for awarding fees . . . turn[s] on the reasonableness of the removal.'" *Id.* (quoting *Martin*, 546 U.S. at 141). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141 (citations omitted). In determining whether to award fees, courts may "consider whether unusual circumstances warrant a departure from the rule in a given case," such as "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction." *Id.*

---

[3] **Error! Main Document Only.** Neither of these motions to dismiss had been filed on the basis of Federal Rule of Civil Procedure 12(b)(1), or a lack of subject matter jurisdiction.

Courts retain jurisdiction after remand to entertain a request for attorney's fees.  *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) ("[A]fter remand, it is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits."); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending.  For example, district courts may award costs after an action is dismissed for want of jurisdiction.").  Fees are awarded at the discretion of the district court.  *Toxic Injs. Corp. v. Safety-Kleen Corp.*, 57 F. Supp. 2d 947, 957 (C.D. Cal. 1999).

### III.    Discussion

At no point between October 2025 when Combs removed the instant action and June 2026 when this Court *sua sponte* remanded the action back to state court did Plaintiff move to remand.  Notwithstanding, Plaintiff seeks an award of $140,550.00 "as compensation for the fees and costs Plaintiff was forced to incur as a result of Defendant Combs' improper removal."  *See* Motion at 23.  This Court, in the exercise of its discretion, declines to award Plaintiff with any attorney's fees and costs because it cannot conclude that Combs' removal was so clearly barred so as to warrant such an award.

Plaintiff asserts that Combs lacked an objectively reasonable basis for removal on the following four grounds: (1) Combs failed to meet his burden of establishing his citizenship in the NOR; (2) the evidence submitted to the Court in response to the OSC regarding Combs' alleged Florida citizenship was insufficient; (3) Combs removed this action with the purported knowledge that Jane Doe 1 was a California citizen; and (4) Combs' counsel "refuse[d] to engage with contrary evidence on demand" and "threaten[ed] opposing counsel for raising the very defects the Court ultimately confirmed."  *See id.* at 12-19.

The Court disagrees with Plaintiff that Combs' removal was objectively unreasonable.  Combs sought to remove this action on the basis of diversity jurisdiction.  *See* NOR ¶ 5.  Combs indicated that the citizenship of the Doe defendants should be disregarded pursuant to 28 U.S.C. § 1441(b)[4] before alleging that (1) he "was and is a citizen of Florida;" (2) "Plaintiff was and is a citizen of California;" and (3) "[t]he matter in controversy in this action, exclusive of interest and costs, exceeds $75,000."  *Id.* ¶¶ 4-6.

---

[4] Under § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of [diversity] jurisdiction . . . the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).

First, Plaintiff takes issue with Combs' failure to substantiate his alleged Florida domicile where the Complaint expressly alleged that Combs was domiciled in California.[5]  *See* Motion at 13-14.  The Complaint alleges that Combs "is an individual who has conducted substantial business within the State of California and is currently a resident of Los Angeles, California." Complaint ¶ 5.  It further alleges that "Combs owns and lives in Los Angeles, California and lived in Los Angeles when the assaults against Plaintiff occurred." *Id.*  Although the Complaint certainly alleges Combs' *residency*, there is no allegation regarding Combs' *state citizenship*.  *See Kanter*, 265 F.3d at 857 ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.").  Furthermore, "at this stage of the case, [Combs was] merely required to allege (not to prove) diversity." *Id.*  As such, the Court does not find that Combs' assertion of Florida citizenship as stated in the NOR renders his removal objectively unreasonable.[6]

Second, Plaintiff avers that Combs failed to comply with the OSC by submitting insufficient evidence in support of his Florida domicile.  *See* Motion at 14-16.  Specifically, Plaintiff claims that the evidence is (1) "litigation-driven" and "entitled to minimal weight;" (2) "does not engage with the operative pleading's domicile allegations;" and (3) "contradicted by [Combs'] own contemporaneous government filings." *Id.* (emphasis omitted).  The evidence Combs submitted in response to the OSC was a declaration under oath regarding his domicile in another matter pending in this District.[7]  *See* Docket No. 19-2.  The Court does not find any of Plaintiff's claims convincing because (1) Plaintiff does not cite to any authority that suggests the Court may not consider such evidence in determining whether it has sufficient facts to determine

---

[5] A "natural person's state citizenship is . . . determined by her state of domicile," which "is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted).

[6] Plaintiff's reliance on *Houden v. Todd*, 348 F. App'x 221 (9th Cir. 2009), is misplaced.  In *Houden*, the Ninth Circuit found the defendant's removal objectively unreasonable where he made "only a cursory allegation that the case was 'a civil action between citizens of different states'" and "failed to join other properly joined and served defendants." *Id.* at 223.  The Ninth Circuit concluded that "[t]he relevant case law clearly foreclosed [the defendant's] attempted removal" and "was thus objectively unreasonable." *Id.*  Here, Combs pleaded complete diversity of the parties by expressly alleging the citizenship of each of the named parties.  Combs was also the only defendant identified by name in the Complaint, so there were no other defendants who would have been required to join in the removal petition.  His removal of this action was, therefore, not clearly foreclosed.

[7] In this declaration, Combs indicates that "[s]ince 2020, [he has] been a citizen, permanent resident, and domiciliary of the State of Florida." Docket No. 19-2, at ¶ 3.  Combs further indicates that he is "currently incarcerated in the Federal Detention Center in Brooklyn, New York" and has "been housed in that facility since on or about September 17, 2024." *Id.* at ¶ 4.

Combs' citizenship; (2) the only relevant allegations in the Complaint relate to Combs' residency, not his domicile; and (3) the "government filings" to which Plaintiff refers appear to be related to his businesses, not to Combs as an individual.[8]  Even if the Court were to agree with Plaintiff, Combs' failure to provide further evidence of his citizenship does not automatically render his removal objectively unreasonable.

Third, Plaintiff argues that Combs removed this action knowing that Jane Doe 1 was Ventura and that Ventura "was a California resident."  *See* Motion at 16-18.  Plaintiff claims, therefore, that Combs engaged in "the strategic concealment of a known fact."  *Id.* at 16.  As Plaintiff indicates, "[t]he Complaint set forth very detailed and specific allegations that left no question as to [the] identity [of Jane Doe 1] *for anyone who was present during the events described*."  *Id.* at 17 (emphasis added).  For quite obvious reasons, therefore, Plaintiff also had to have known Jane Doe 1's identity when he filed the Complaint.  Nevertheless, Plaintiff alleges in the Complaint that "Jane Doe-1 is an individual whose true identity is presently unknown to Plaintiff."  Complaint ¶ 8.  If Combs' knowledge of her identity suggests Combs' removal was objectively unreasonable, then Plaintiff's knowledge of her identity suggests Plaintiff's failure to seek a remand was also objectively unreasonable.

Fourth and finally, Plaintiff points to the conduct of Combs' counsel in arguing that Combs' removal was objectively unreasonable. *See* Motion at 18-19.  Plaintiff claims that Combs' counsel refused to provide Plaintiff's counsel with requested evidentiary materials to support Combs' Florida domicile and threatened to seek sanctions. *See id.*  Plaintiff contends that Combs' counsel's "conduct is precisely what Section 1447(c) is designed to deter: a removing party who lacks a colorable jurisdictional basis, refuses to engage with contrary evidence on demand, and then threatens opposing counsel for raising the very defects the Court ultimately confirmed." *Id.* at 19.  Notwithstanding what words may have been exchanged during the parties' meet-and-confers, the Court does not find the purported conduct of Combs' counsel to be a sufficient basis for finding Combs' removal objectively unreasonable for all of the reasons already stated.

The Court also wishes to be clear that the OSC was issued due to certain inconsistencies between the Complaint and the NOR and the presence of "substantial allegations relating to the specific conduct of Jane Doe 1." *See* OSC at 2-3.  Although the Court certainly had doubts

---

[8] Plaintiff identifies certain filings Combs made with respect to "his LLCs" and an entity named "Janice Combs Music Holdings, Inc." *See* Motion at 15.

regarding its subject matter jurisdiction, the Court did not observe anything in the NOR that suggested it was objectively unreasonable for Combs to have sought removal in the first place. There were defective allegations regarding citizenship but no actual defect of federal jurisdiction that could not be cured through amendment. *See Kanter*, 265 F.3d at 858 ("[A]n inadequate pleading does not in itself constitute an actual defect of federal jurisdiction." (alteration in original) (quoting *Jacobs v. Pat. Enf't Fund, Inc.*, 230 F.3d 565, 568 n.3 (2d Cir. 2000)). Although Combs' arguments were ultimately unpersuasive, there is no evidence that his arguments were "entirely frivolous." *See Prado v. Dart Container Corp. of Cal.*, 373 F. Supp. 3d 1281, 1285 (N.D. Cal. 2019). Plaintiff has also not demonstrated the level of bad faith that courts have found justifies the imposition of attorney's fees and costs. *See, e.g.*, *Concept Chaser Co. v. Pentel of Am., Ltd.*, No. 2:11-cv-08262-CAS-(CWx), 2011 WL 4964963, at *3 (C.D. Cal. Oct. 18, 2011) (finding bad faith where the defendant removed the case on the morning of trial based on a defense defendant had asserted since the start of litigation). The Court further notes that, despite conceding knowledge of Jane Doe 1's identity and her citizenship in response to the OSC, *see* Docket No. 22, at 10 ("Plaintiff knows Jane Doe 1's identity. She is a real person whose California citizenship destroys complete diversity."), Plaintiff himself never moved to remand. Rather than seek a remand, Plaintiff opposed Comb's initial motion to dismiss without any mention of a jurisdictional defect. *See* Docket No. 16. Even more troubling to the Court is the fact that Plaintiff wished to continue the OSC to a date after the hearing on the named defendants' pending motions to dismiss. *See* Docket No. 42, at 2. Therefore, it seems to the Court that Plaintiff did not merely delay seeking remand; he never sought it all.

In sum, the Court finds that an objectively reasonable basis existed for Combs' removal. Even if it did not, however, Plaintiff's actions arguably constitute "unusual circumstances" that warrant a departure from *Martin*'s rule governing attorney's fees under § 1447(c). Accordingly, fees would be denied. *See Martin*, 546 U.S. at 141

## IV.    **Conclusion**

Based on the foregoing discussion, the Court **DENIES** the Motion.